UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6865 ODW (PLAx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | *United Fabrics Int'l, Inc. v. Lane Bryant, Inc.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | | |
| Not present | Not present | | |

**Proceedings (In Chambers):** ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES; PERMITTING OVERHEAD DEDUCTIONS EVEN WHERE INFRINGEMENT IS WILLFUL [91, 92]

The matter is before the Court on Plaintiff United Fabrics International, Inc.'s ("Plaintiff") motion for attorneys' fees in the sum of **$194,563.50** pursuant to the Copyright Act, 17 U.S.C. § 505.[1] (Docket No. 91.) The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After careful consideration of the parties' papers, the motion is **GRANTED IN PART.**

## I.   FACTUAL BACKGROUND

This is a copyright infringement case. Plaintiff sued Defendants Lane Bryant, Inc., Charming Shoppes, Inc., Newport Apparel Corporation (*erroneously sued as* International Newport Group), Moa Moa, Inc., and K.E.S. Textile, Inc. (collectively, "Defendants") jointly and severally for infringement of its copyrighted fabric design. The case was tried to a jury from January 12 to January 14, 2010. (Docket Nos. 79, 80, 81.) On January 15, 2010, the jury rendered a verdict for Plaintiff and against Defendants Lane Bryant, Charming Shoppes, Newport Apparel, and K.E.S. Textile, awarding Plaintiff actual damages and infringer's profits in the amount of $447,670.60. (Docket Nos. 85, 86.) The verdict is summarized below as follows:

| **DEFENDANT** | **LIABILITY** |
|---|---|
| Newport Apparel | $125,750.60 |

---

[1] Title 17 of the United States Code section 505 provides that "the court in its discretion may allow the recovery of full costs . . . against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6865 ODW (PLAx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | *United Fabrics Int'l, Inc. v. Lane Bryant, Inc.* | | |

| | |
|---|---:|
| Lane Bryant | $214,005.00 |
| K.E.S. Textile | $81,570.20 |
| Against all defendants jointly and severally | $26,344.80 |
| **TOTAL** | $447,670.60 |

Plaintiff now moves for an award of attorneys' fees.

## II.   DISCUSSION

### A.   *Prevailing Party*

The Copyright Act provides for an award of reasonable attorneys' fees "to the prevailing party as part of the costs." 17 U.S.C. § 505. The determination on whether the prevailing party is entitled to attorneys' fees is based on the court's sound discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). In making that determination, courts may consider (but is not limited to) the following factors: (1) frivolousness, (2) motivation, (3) objective unreasonableness (both in the factual and in the legal components of the case, (4) the need in particular circumstances to advance considerations of compensation and deterrence, and (5) the degree of success obtained. *Fogerty*, 510 U.S. at 535 n.19; *Wall Data Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006). "Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989).

Plaintiff is the prevailing party within the meaning of § 505 because it succeeded on its copyright claim and secured a verdict in its favor of $447,670.60. (Docket No. 86.) Plaintiff's success advances the purposes of the Copyright Act, which is to enrich the general public through access to creative works, encouraging private enforcement, and deterring infringements. *Fogerty*, 510 U.S. at 527; *Frank Music Corp.*, 886 F.2d at 1556.

In their opposition, Defendants argue that "Plaintiff did not prevail against Moa Moa, Inc." (Opp'n at 3.) This argument is absurd: whether Plaintiff prevailed against Moa Moa has no bearing on the issue of whether Plaintiff may recover fees against the remaining four defendants because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6865 ODW (PLAx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | *United Fabrics Int'l, Inc. v. Lane Bryant, Inc.* | | |

there is no dispute that Plaintiff was the prevailing party as to its claims against each of them.[2]

Defendants also argue that even if their defenses are unsuccessful, such defenses were not frivolous as Judge James Selna dismissed a similar case brought by Plaintiff. (Opp'n at 3.) Defendants claim that because they relied on Judge Selna's order, the Court cannot conclude that the defenses they advanced in this action were frivolous. (*Id.*) This argument is entirely without merit and will not be addressed further for the reasons stated in Plaintiff's papers. (Reply at 3-4.)

Having weighed the relevant factors, the Court, in its discretion, finds it appropriate to award Plaintiff attorneys' fees.

### B. Reasonable Fees

Plaintiff requests a fee award in the sum of $194,563.50. (Reply at 6.) This request is based on the following items:

|  | **AMOUNT REQUESTED** |
|---|---|
| Fees from the commencement of the action through the filing of the motion | $188,247.00 |
| Costs for retaining local counsel in Korea[3] | $3,000.00 |
| Preparation of the fees motion and reply[4] | $1,875.00 |
| Preparation of brief re overhead deductions | $1,441.50 |
| **TOTAL** | **$194,563.50** |

With respect to the fees incurred through the filing of the instant motion, excluding the time expended in the preparation of the motion and the reply, the costs of retaining a local counsel in Korea, and the preparation of brief on overhead deductions, the fees are summarized below:

---

[2] Moa Moa's infringement was not brought before the jury as shown by the Special Verdict Form, which made no mention of Moa Moa, Inc. (Docket No. 86.)

[3] (Supp. Burroughs Decl. ¶ 6.)

[4] (Reply at 7, ¶ 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6865 ODW (PLAx) | | Date | June 24, 2010 |
|---|---|---|---|---|
| Title | *United Fabrics Int'l, Inc. v. Lane Bryant, Inc.* | | | |

| **TIMEKEEPER** | **HOURLY RATE** | **HOURS WORKED** | **AMOUNT** |
|---|---|---|---|
| Stephen Doniger | $465/hour | 133.3 | $61,984.50 |
| Scott Burroughs[5] | $375/hour | 336.7 | $126,262.50 |
| **TOTAL** | | | **$188,247.00** |

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Once the Court calculates the lodestar amount, the Court must consider (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Here, the hourly rate is reasonable. Counsel for Plaintiff, Doniger / Burroughs APC, charged $375 for Scott A. Burroughs, who is a partner who specializes in copyright cases. For Stephen M. Doniger, a partner who has been practicing since 1995, the firm charged $465 per hour. These rates are comparable to those charged by Los Angeles firms of similar reputation and experience.

However, the issues in this case were not novel issues of law. Plaintiff's attorneys claim that they have handled hundreds of copyright infringement cases. Plaintiff's attorneys have substantial experience in dealing with copyright infringement cases. Therefore, given the issues in this case, the number of hours spent by Plaintiff's counsel seems to be excessive. *See e.g.,* Burroughs Decl., October 5, 2008 (billing 5.4 hours for research of copyright law and causes of action); October 17, 2008 (billing 7.9 for researching causes of action, statutes of limitation, jurisdictional requirements, and drafting of the complaint); May 12, 2009 (billing 8.4 hours for drafting and serving interrogatories and requests for production of documents on defendants); October 6, 2009 (billing 6.2 hours for drafting jury instructions.)

---

[5] (Burroughs Decl. ¶¶ 6-7, Exh. A.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6865 ODW (PLAx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | *United Fabrics Int'l, Inc. v. Lane Bryant, Inc.* | | |

Moreover, the Court questions counsel's billing practices.[6] For instance, the Court finds it strange that there were several entries suggesting that Burroughs worked "nonstop" on a particular day. *See* October 5, 2009 (billing more than 22 hours in one day). As another example, in addition to the time charged by Burroughs for January 21, 2010, January 22, 2010, January 28, 2010, and January 29, 2010 for the preparation of the instant motion totaling 9.2 hours, Plaintiff seeks an additional $1,875.00 "for the preparation of the this Motion and Reply." (Reply at 6.) Assuming that the $1,875.00 amount is attributable *in part* to the preparation of the Reply, part of this amount is clearly duplicative of the fees already charged for the preparation of the moving papers during the in the aforementioned dates. (*See* Burroughs Decl. ¶ 7.)

For the foregoing reasons, the Court reduces Plaintiff's recoverable fees by 5% due to its counsel's failure to justify the numbers of hours sought and improper billing entries. *See Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004) (reducing recoverable fees by 50% due to inadequate documentation, failure to justify the number of hours sought, inconsistencies, and improper billing entries). Therefore, out of the requested fee award in the amount of $194,563.50, the Court will award Plaintiff only **$184,835.32** ($194,563.50 minus $9,728.18 [5% of $194,563.50] ).

### *C. Deductions Allowed Where Infringement Is Willful*

On January 15, 2010, the Jury found that Newport Apparel earned a total of $251,436 through its sales of the infringing garments. (Special Verdict Form ¶ 3.) From that amount, the jury deducted $125,685.40 as "direct deductible expenses", i.e., the overhead expenses Newport Apparel incurred in connection with its sales of the infringing garments. (Special Verdict Form ¶ 4.) Based

---

[6] Defendants argue that Plaintiff should not recover for the time charged by Burroughs in taking Newport's deposition, because the deposition was taken by a junior associate as a training exercise. (Opp'n at 5.) In response, Burroughs acknowledges that there were two Plaintiff's attorneys present at the deposition, with Burroughs overseeing the junior associate who questioned the deponent. However, Burroughs submits that it was only him who billed for their time. The Court is satisfied with this response and will not address it further.

Defendants also complain about Doniger's charging of his travel time to and from Lake Como, Italy to take the deposition of Carlo Lambrughi. (Opp'n at 6-7.) Defendants seem to argue that Plaintiff should not recover for the time billed by Doniger because the latter was already in Italy for another deposition. The Court agrees with Plaintiff that the fact that its attorney had to take a separate deposition for a different client in a different case has no bearing on the fact that Plaintiff's counsel had to travel to Italy to depose Lambrughi, the artist responsible for the source artwork in this case. (Reply at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6865 ODW (PLAx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | *United Fabrics Int'l, Inc. v. Lane Bryant, Inc.* | | |

on that reduction, the jury found that Plaintiff is entitled to Newport Apparel's profits in the amount of **$125,750.60** ($251,436 minus $125,685.40).

Following the reading of the jury verdict, a question has arisen as to whether Newport Apparel is entitled to *all* of the $125,685.40 in expenses that may be deducted from its total earnings.

Plaintiff asks the Court to exercise its discretion and **strike $44,155.20** of Newport Apparel's direct deductible expenses and enter a judgment against it for $169,905 (**$125,750.60** recoverable profits plus **$44,155.20**). Plaintiff reasons that increasing the amount it may recover from Newport Apparel by $44,155.20 is warranted because "[o]verhead may not be deducted from gross revenues to arrive at profits when an infringement was deliberate or willful." *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) (citing *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985). While Plaintiff concedes that the Ninth Circuit has not mandated the preclusion of overhead deduction where the infringement was intentional, Plaintiff notes that it is within the discretion of this Court to preclude such deduction. Plaintiff asserts that the $44,115.20 in expenses cannot be properly tied to the cost of goods and can only be attributable to overhead such as wages paid by Newport Apparel to its employees. (Pl.'s Opp'n re Deductions.)

On the other hand, Defendants argue that because it is not the law in the Ninth Circuit that a willful infringer may not deduct the types of expenses to which Newport gave evidence at trial, Newport should be allowed the deductions made by the jury. *See also*, *ZZ Top v. Chrysler Corp.*, 70 F. Supp. 2d 1167, 1168 (W.D. Wash. 1999) ("Although plaintiffs assert that the preclusion of overhead costs is an accepted practice where the defendant's infringement was willful, the Ninth Circuit has not yet adopted such a rule.")

The Court has carefully considered the authorities cited by the parties and finds the analysis of the district court in *ZZ Top* persuasive. Title 17 U.S.C. § 504(b) provides that a copyright owner is entitled to recover any profits arising from the infringer's use of the copyrighted work. "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her *deductible expenses* and the elements of profit attributable to factors other than the copyrighted work." *ZZ Top*, 70 F. Supp. 2d at 1168. "The purpose served by an award of profits is 'to prevent the infringer from unfairly benefitting from a wrongful act.'" *Id.* (citing Notes of Committee on the Judiciary, House Report No. 94-1476). In *ZZ Top*, the court explained why the rule precluding the deduction of overhead expenses where the infringement is found to be willful is not supported by law:

> As noted by plaintiffs, a number of courts have adopted a rule precluding the deduction of overhead expenses where the infringement is found to be deliberate or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6865 ODW (PLAx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | *United Fabrics Int'l, Inc. v. Lane Bryant, Inc.* | | |

> willful. *See, e.g., Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) (Overhead may not be deducted from gross revenues to arrive at profits when an infringement was deliberate or willful."). The Act itself offers no support for such a rule, however. Both the statutory language and its purpose suggest that the copyright owner is entitled to recover profits, not gross revenues. If an infringer were not permitted to deduct all costs incurred in generating the gross revenues, including overhead costs, the copyright owner would be awarded more than just profits and the infringer would not only be deprived of whatever benefit it derived from the infringement, as was the apparent intent of Congress, but would also suffer affirmative punishment. Where Congress intended to punish willful infringement by authorizing different remedies depending on the infringer's culpability, it clearly knew how to do so. See 17 U.S.C. § 504(c) (authorizing a five fold increase in statutory damages if defendant's conduct was willful). Section 504(b), in contrast, makes no distinction between willful and innocent infringers. Thus, there is no statutory basis for denying a deduction of overhead costs as a punishment to willful infringers.

*ZZ Top*, 70 F. Supp. 2d at 1168.  The Court finds that allowing Newport Apparel to deduct its overhead expenses from its gross revenues is proper despite its willful infringement.  Accordingly, the Court allows the deductions made by the jury and denies Plaintiff's request to strike $44,115.20 of that amount as non-deductible overhead expenses.

### III.   CONCLUSION

For the foregoing reason, Plaintiff's motion is GRANTED IN PART.  Plaintiff shall recover from Defendants Lane Bryant, Charming Shoppes, Newport Apparel, and K.E.S. Textile **$184,835.32** in attorneys' fees pursuant to § 505.  Each defendant shall pay Plaintiff's attorneys' fees based on the proportion of their liability to Plaintiff as stated in the Special Verdict Form.  **Plaintiff's counsel shall prepare a proposed judgment consistent with this order and shall lodge the same with this Court within five (5) days of the date of this order.**

**IT IS SO ORDERED.**

                                                                                                                                                                                                                                 : 00

Initials of Preparer    RGN